UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH MAGDALENA MALANOWSKI, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|    v. | ) |
| | ) Civil Action No. 3:21-11628-MGM |
| | ) |
| WELLS FARGO BANK N.A. TRUSTEE | ) |
| OPTION ONE MORTGAGE CORPORATION | ) |
| TRUST 2005-1 ASSET-BACKED- | ) |
| CERTIFICATES, SERIES 2005-1 | ) |
| | ) |
|    Defendant. | ) |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL, PLAINTIFF'S MOTION TO SUPPLEMENT PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION TO COMPEL, and DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY
(Dkt. Nos. 34, 42, 44)

ROBERTSON, U.S.M.J.

    I.    Introduction

This case is referred to the undersigned for pretrial management. It was commenced by a petition filed by plaintiff Ruth Magdalena Malanowski ("Plaintiff"), representing herself, in the Superior Court Department of the Massachusetts Trial Court and removed to this court by defendant Wells Fargo Bank N.A. Trustee Option One Mortgage Corporation Trust 2005-1 Asset-Backed-Certificates, Series 2005-1 ("Wells Fargo" or "Defendant") (Dkt. No. 1). Plaintiff's operative pleading is an amended Petition to Enjoin Nonjudicial Foreclosure Sale Scheduled for February 19, 2021 (Dkt. No. 1-3). Defendant answered the petition on October 18, 2021 (Dkt. No. 7). On March 28, 2022, Defendant moved for judgment on the pleadings (Dkt. No. 27). Now before the court are Plaintiff's motion to compel discovery responses from Defendant (Dkt. No. 34); Plaintiff's motion to supplement her motion to compel (Dkt. No. 42);

and Defendant's motion for a protective order and to stay discovery pending the court's ruling on Defendant's motion for judgment on the pleadings (Dkt. No. 44). For the reasons set forth below, Plaintiff's motion to compel and her supplemental motion to compel are DENIED and Defendant's motion for a protective order and stay of discovery is ALLOWED subject to the condition that Wells Fargo will not initiate a summary process action to enforce its right to take possession of the Property in advance of the court's ruling on Defendant's motion for judgment on the pleadings.

II.     Relevant Background

Plaintiff has resided at the property at 116 Sackett Road, Westfield ("the Property"), for some forty years (Dkt. No. 1-3, Amended Compl. at 10-11). On or around December 20, 2018, Wells Fargo filed an action in the Land Court Department of the Massachusetts Trial Court to clear clouds on the title to the Property (Dkt. No. 28 at 3). Plaintiff did not appear at a hearing on Wells Fargo's motion for summary judgment in the Land Court (Amended Compl. at 15). Plaintiff received an Order and Judgment from the Land Court (Amended Compl. at 15). That judgment found that Wells Fargo was the holder by assignment of the mortgage on the Property and found that various documents recorded by Plaintiff at the Registry of Deeds were null and void (Dkt. No. 28 at 3-4). Plaintiff did not appeal the Land Court order (Dkt. No. 28 at 4). On or around February 18, 2021, Wells Fargo proceeded with the foreclosure by sale (Dkt. No. 28 at 5). By her amended petition, Plaintiff seeks a declaration that Wells Fargo "has not proven standing;" that the assignment of the mortgage on the Property was invalid; and that the foreclosure sale of the property was conducted in violation of state law (Amended Compl. at 20-21). She further seeks an injunction enjoining Wells Fargo from selling or causing the Property to be sold (Amended Compl. at 21). She alleges that the Land Court judgment has no effect

because she "Refused [it] for Cause without Dishonor and returned [it] to the Land Court on March 31, 2020 and the ORDER and JUDGMENT [did] not provide lawful substantiation for the orders rendered" (Amended Compl. at 15).

In Wells Fargo's motion for judgment on the pleadings, Wells Fargo argues that Plaintiff's claims are barred by the doctrine of res judicata due to the March 10, 2020 Order and Judgment entered by the Land Court and that, even if the claims are not barred by res judicata, documents submitted to the Hampden County Registry of Deeds show that Plaintiff is not entitled to the relief she seeks (Dkt. No. 27 at 1-2).

III.     Standard

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted).  However, "stays cannot be cavalierly dispensed:  there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).  "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016).  *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988).

IV.     Discussion

Defendant is seeking a protective order and stay of all discovery pending resolution of their motion for judgment on the pleadings which requests judgment in their favor on all counts and claims in Plaintiff's amended complaint (Dkt. No. 27 at 2).  A pending dispositive motion constitutes good cause for a stay of discovery.  *See, e.g., See Kolley v. Adult Protective Servs.*,

725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."). Where there is good cause, holding discovery in abeyance until such time as a ruling on the dispositive motion becomes final does not *unreasonably* delay the litigation. *See Dicenzo*, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("relatively brief delay" until the disposition of dispositive motions is reasonable)).

Weighing the equities, denial of Plaintiff's motion to compel and entry of a stay of discovery is appropriate in this case. The court has reviewed Plaintiff's discovery requests. It is apparent that responding to those discovery requests would require the expenditure of significant time and expense. *See* Fed. R. Civ. P. 26(c)(1). Further, the court has no doubt that a number of the discovery requests would prompt objections from Defendant, and the court might be called on to resolve discovery disputes between the parties. In these circumstances, Defendant's burden in responding to discovery outweighs the risks associated with any delay that granting the stay may cause. Aside from possible delay, Plaintiff has not identified any burden or risk. Instead, she argues that discovery should proceed because she believes she is entitled to prevail, a contention that will be tested by Defendant's motion for judgment on the pleadings. Of note, Plaintiff remains as a resident at the property. Wells Fargo was the high bidder at the foreclosure

sale and has not proceeded with a summary process action (Dkt. No. 44 at 7). As long as Plaintiff remains a resident at the Property, she has not demonstrated any burden that outweighs the burden on Defendant of responding to the discovery requests appended as exhibits to its motion for a stay of discovery (Dkt. Nos. 44-1, 44-2, 44-3, 44-4). On balance, therefore, "avoiding potentially unnecessary discovery costs – and if the motion [for judgment on the pleadings] succeeds, then all discovery costs would have been unnecessary – will not significantly prejudice [Plaintiff] …." *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-cv-01236-SEB-JM, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (granting stay of discovery in trademark infringement case pending resolution of the defendant's motion to dismiss).

V.      CONCLUSION

Accordingly, Defendants' motion for a protective order and to stay discovery pending the court's ruling on Defendant's pending motion for judgment on the pleadings (Dkt. No. 44) is GRANTED subject to the condition that Wells Fargo will not initiate a summary process action to enforce its right to take possession of the Property in advance of the court's ruling on Defendant's motion for judgment on the pleadings. Plaintiff's motion to compel (Dkt. No. 34) and Plaintiff's motion to supplement her motion to compel (Dkt. No. 42) are DENIED. It is so ordered.

Dated: July 14, 2022                              /s/ Katherine A. Robertson
                                                  KATHERINE A. ROBERTSON
                                                  UNITED STATES MAGISTRATE JUDGE