UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

RUTH MAGDALENA MALANOWSKI,

     Plaintiff,

     v.

WELLS FARGO BANK N.A. TRUSTEE
OPTION ONE MORTGAGE
CORPORATION TRUST 2005-1 ASSET-
BACKED-CERTIFICATES, SERIES 2005-1,

     Defendant.

Civil Action No. 21-11628-MGM

MEMORANDUM & ORDER REGARDING
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
(Dkt. No. 27)

February 1, 2023

MASTROIANNI, U.S.D.J.

     This action arises from Defendant's February 2021 foreclosure sale of Plaintiff's property after she defaulted on her mortgage loan. Liberally construed, pro se Plaintiff's Amended Petition (Dkt. No. 1-3 at 10–21, plus attachments) contains five claims related to wrongful foreclosure: (1) Defendant lacked standing to foreclose because the mortgage assignment was invalid; (2) Defendant lacked standing to foreclose because it did not sufficiently prove possession of the Note; (3) Defendant has failed to proffer evidence of any remaining mortgage debt to contradict Plaintiff's recorded affidavit purporting to invalidate the existing debt; (4) there were several deficiencies with the foreclosure proceedings, including inadequate notice of the rescheduled sale and certain agents' lack of authority to act on Defendant's behalf; and (5) violation of § 1692g of the Fair Debt Collection Practices Act ("FDCPA") via Defendant's loan servicer's alleged failure to respond to a request for validation of her debt. Defendant now seeks judgment in its favor based on the pleadings. The court assumes the

parties' familiarity with the factual background of this case. For the reasons set forth below, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 27) is ALLOWED.

## I.      STANDARD OF REVIEW

Having previously filed an answer, Defendants proceed on a motion for judgment on the pleadings under Rule 12(c), rather than the more typical motion to dismiss for failure to state a claim brought under Rule 12(b)(6). Fed. R. Civ. P. 12. "'A motion for judgment on the pleadings [under Rule 12(c)] is treated much like a Rule 12(b)(6) motion to dismiss,' with the court viewing 'the facts contained in the pleadings in the light most favorable to the nonmovant and draw[ing] all reasonable inferences therefrom.'" *In re Loestrin 24 Fe Antitrust Litig.*, 814 F.3d 538, 549 (1st Cir. 2016) (alterations in original) (quoting *Pérez-Acevedo v. Rivero-Cubano,* 520 F.3d 26, 29 (1st Cir. 2008)). A complaint must survive a motion for judgment on the pleadings if it alleges sufficient facts "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). Finally, as in the case of a motion under Rule 12(b)(6), the court is permitted to take judicial notice of public records and consider documents referred to in the complaint or integral to the plaintiff's claims. *See O'Brien v. Wilmington Tr. Nat'l Ass'n as Trustee to CitiBank, N.A.*, 506 F. Supp. 3d 82, 90–91 (D. Mass. 2020); *Lu v. Menino,* 98 F. Supp. 3d 85, 93 (D. Mass. 2015); *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). When such documents contradict an allegation in the complaint, the document "trumps the allegation[ ]." *O'Brien*, 506 F. Supp. 3d at 90 (citation omitted).

## II.    DISCUSSION

Plaintiff's first claim regarding the mortgage assignment is barred by res judicata. The doctrine of res judicata "makes a valid, final judgment conclusive on the parties . . . and prevents relitigation of all matters that were or could have been adjudicated in the action." *Kobrin v. Bd. Of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005) (citation omitted). "A federal court is generally bound under res judicata to give the same preclusive effect to a state court judgment as would be given to it by a local court within that state." *FPL Energy Maine Hydro LLC v. F.E.R.C.*, 551 F.3d 58, 63 (1st Cir. 2008). Under Massachusetts law, res judicata applies where the following three elements are satisfied: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Kobrin*, 832 N.E.2d at 634 (citation omitted).

The Land Court's March 10, 2020 Order (Dkt. No. 29-4; *see also* Dkt. No. 1-3 at 15, ¶ 29), granting Defendant's motion for summary judgment, satisfies all three elements. The parties in this action were the parties to the Land Court action. The causes of action were sufficiently identical as they both arose from the same set of facts and concern the assignment of the mortgage to Defendant. *See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008) (under Massachusetts law, causes of action or identical if they "grow[ ] out of the same transaction, act, or agreement"); *see also Wenzel v. Sand Canyon Corp.*, 841 F. Supp. 2d 463, 480 (D. Mass. 2012) ("[A] court may bar a claim under res judicata principles when title to property was at issue between the same parties (or those in privity with them) in a prior action, and is sought to be litigated in the current proceeding."), *abrogated on other grounds by Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282 (1st Cir. 2013). Finally, it is black-letter law that summary judgment operates as a final judgment on the merits. *See Bostwick v. 44 Chestnut Street*, No. 17-cv-12409, 2019 WL 6050969, at *5 (D. Mass. Nov. 15, 2019). Thus, Plaintiff's first claim regarding Defendant's status as holder of the Mortgage is precluded by res judicata. To the extent Plaintiff's other claims were or could have been raised in the Land Court

action—including challenges to Defendant's possession of the Note, validity of the remaining mortgage debt, and PHH Mortgage Corporation's ("PHH") authority to send mortgage deficiency letters in 2019 on Defendant's behalf—they too are barred.

To dispel any doubt, the court briefly addresses Plaintiff's remaining claims. The Land Court Order likewise disposes of Plaintiff's third claim. Plaintiff argues that Defendant failed to provide evidence contradicting her March 19, 2008 recorded affidavit, which purports to invalidate, discharge, and "settle" any remaining debt owed on her own mortgage. However, the Land Court Order specifically declared the March 19, 2008 affidavit null and void and of no legal effect. (Dkt. No. 29-4 at ¶ 2). That Plaintiff does not "accept" the Land Court Order does not invalidate its rulings or alter its effect on this court, particularly where Plaintiff failed to pursue an appeal.

To the extent they are not barred by res judicata, Plaintiff's second and fourth claims are also without merit. Under Massachusetts law, a foreclosing mortgage assignee (like Defendant) may establish that it held the note at the time of a foreclosure sale by filing an affidavit pursuant to Mass. G.L. c. 244, § 35C in the registry of deeds. *See O'Brien*, 506 F. Supp. 3d at 94–95 (discussing *Eaton v. Fed. Nat'l Mortg. Ass'n*, 969 N.E.2d 1118, 1133 n.28 (Mass. 2012)). Defendant certified in both a recorded § 35C affidavit and a Certificate of Compliance with 209 C.M.R. § 18.21A(2)(c) dated November 10, 2020 that it held the Note. (Dkt. No. 29-7; Dkt. No. 1-3 at 184–88). As both documents were executed in compliance with Mass. G.L. c. 183, § 54B, they constitute sufficient proof under Massachusetts law that Defendant had authority to foreclose. *See Jones v. Bank of N.Y. as Trustee for Certificate Holders CWABS, Inc. Asset-Backed Certificates*, 542 F. Supp. 3d 44, 54–55 (D. Mass. 2021) (collecting cases); *McAllister v. Countrywide Home Loans, Inc.*, No. 16-cv-10911, 2017 WL 1173925, at *13 (D. Mass. Mar. 29, 2017). Plaintiff's other challenges to Defendant's status as holder of the Note— regarding failure to show chain of ownership of the Note and indorsement of the Note in blank—are unsupported by Massachusetts law. *See O'Brien*, 506 F. Supp. 3d at 95 ("Defendant has no obligation

to prove the chain of custody [of the Note].”); *LaRace v. Wells Fargo Bank, N.A.*, 166 N.E.3d 1025, 1037 (Mass. App. Ct. 2021) (same); *id.* (“When endorsed in blank, [a note] becomes payable to bearer and may be negotiated by transfer of possession alone.” (quoting Mass. G.L. c. 106, § 3-205(b))); *Carroll v. Bank of N.Y. Mellon*, 83 N.E.3d 198 (Mass. App. Ct. 2017) (table) (same).

Nor has Plaintiff identified any other deficiencies with the foreclosure proceedings giving rise to a plausible claim. Plaintiff’s contention that Defendant was required to “redo” the notice requirements of Mass. G.L. c. 244, § 14 upon postponement of the foreclosure sale is contrary to Massachusetts law. The recorded Affidavit of Sale (Dkt. No. 29-9) constitutes prima facie evidence of compliance with § 14 prior to the initial sale date and Plaintiff has not proffered any non-conclusory factual allegations to plausibly allege a § 14 violation. Indeed, although receipt is not relevant to evaluating compliance, Plaintiff admits having received notice of the initial sale as well as the postponement. (Dkt. No. 1-3 at 183, 190). Moreover, postponement of a foreclosure sale does not require renewed compliance with § 14 and public proclamation, as referred to in Defendant’s Affidavit of Sale, is a permissible way to postpone a sale, though not statutorily mandated. *See Chaves v. U.S. Bank, N.A.*, 335 F. Supp. 3d 100, 106–11 (D. Mass. 2018); *Branch Ave. Capital, LLC v. U.S. Bank Nat’l Ass’n*, No. 12-cv-40140, 2013 WL 5242121, at *3 (D. Mass. Sept. 16, 2013); *Stephens-Martin v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 12 Misc. 465277, 2015 WL 732087, at *11–12 (Mass. Land Ct. Feb. 20, 2015) (“[T]here is no ‘hard and fast’ rule for noticing continuances of foreclosure sales” and no “hard and fast requirement for a public proclamation”; instead notice of a postponement is measured by standards of “good faith and commercial reasonableness[.]”).

Plaintiff’s challenges to the Limited Powers of Attorney (“POA”) regarding PHH and Attorney Lawson Williams are similarly unavailing as: (a) the June 2019 POA for PHH was executed before any of the relevant Affidavits pertaining to the foreclosure were signed or recorded by PHH’s agents and before the February 2021 foreclosure sale occurred, and (b) Attorney Lawson Williams did

not sign any documents relating to the foreclosure sale. Insofar as Plaintiff asserts Mr. Williams, who is a licensed attorney-at-law, could not represent Defendant in the Land Court Action absent a recorded POA, she misapprehends the law.

Finally, Plaintiff's FDCPA claim is premised on PHH's alleged violation of 15 U.S.C. § 1692g, which requires a debt collector to provide certain information regarding the debt either in "the initial communication" or within five days of "the initial communication" sent to the consumer in connection with the collection of any debt. Although Defendant argues that Plaintiff failed to adequately plead her claim by failing to identify "the initial communication" that would have triggered § 1692g, the court broadly construes Plaintiff's Amended Petition and infers that Plaintiff intended to reference a letter dated March 19, 2019 from PHH regarding its status as Plaintiff's new mortgage loan servicer. (Dkt. No. 1-3 at 14, ¶ 26; *id.* at 151). Plaintiff asserts that PHH[1] violated § 1692g by failing to respond to her request for validation of the debt by letter dated April 11, 2019. (Dkt. No. 1-3 at 148).

Courts within the First Circuit, however, hold that § 1692g requires only one communication by the first debt collector to contain the validation notice described in § 1692g(a). By its text, the statute does not require a renewed validation notice or re-trigger the thirty-day period for requesting validation of the debt each time a new servicer communicates with the consumer. *See Moore v. Mortg. Elec. Reg. Sys., Inc.*, No. 10-cv-241, 2013 WL 1773647, at *5 (D.N.H. Apr. 25, 2013) (noting Congress's use of "the" indicates there can only be one "initial communication" with any given consumer: "Congress could have explicitly required both initial and successive debt collectors to provide the § 1692g(a) validation notice, and in fact made such distinction in § 1692e(11) when it distinguished between initial and subsequent communications to a debtor on a given debt." (quotation marks and

---

[1] PHH is not a defendant in this action. Nevertheless, Plaintiff's claim concerns PHH's actions in its capacity as agent and loan servicer for Defendant.

citation omitted)); *id.* at *5–6 ("Because [Plaintiffs] had already received a § 1692g(a) validation notice from [the first debt collector] in the summer of 2009, [a subsequent loan servicer] was not required to send a new notice to [Plaintiffs] when it undertook its efforts to collect their debt. It follows from this conclusion that [the subsequent loan servicer] cannot have violated subsection (b) by failing to 'properly verify the debt' . . . after receiving the[ir] request for debt verification" because verification is required only if the consumer requests verification within thirty days from receipt of the subsection (a) validation notice. Because Plaintiffs' validation request was sent more than four months after the first debt collector's validation notice was sent, the request did not trigger § 1692g(b) and the subsequent debt collector was not required to validate the debt in accordance with the provisions of § 1692g(b).); *Waters v. J.C. Christensen & Assocs., Inc.*, No. 08-cv-11795, 2011 WL 1344452, at *11 (D. Mass. Mar. 4, 2011) ("[O]ne communication with proper validation notice is all that is required for each debtor when contacted by the first debt collector, no matter how long the line of debt collectors to follow. . . . Once the validation information is provided in the initial communication, and once the debtor is made aware of his rights at the time the collection process begins, it would serve no purpose to require that the same information be given again and again, each time the servicing function was passed from one creditor to another." (quotation marks and citation omitted)).

Here, the attachments to Plaintiff's Amended Petition reveal that a prior debt collector, American Home Mortgage Servicing, sent Plaintiff a letter on May 14, 2010 that contained all required information and therefore fully complied with the validation notice requirement of § 1692g(a). (Dkt. No. 1-3 at 80–81). The attachments also confirm Plaintiff received the validation notice no later than May 28, 2010. (*Id.* at 76–79). Section 1692g(b) requires a debt collector to validate the debt and cease collection activity until verification is obtained only "[i]f the consumer notifies the debt collector in writing within the thirty-day period" following her receipt of the validation notice. According to the allegations of the Amended Petition, Plaintiff did not seek to have the debt validated until April 11,

2019—more than eight years after her receipt of the validation notice sent by American Home Mortgage Servicing. (*Id.* at 148). Because Plaintiff's untimely validation request did not trigger § 1692g(b)'s requirements to verify the debt, PHH (and by extension, Defendant) cannot be held liable for its alleged failure to do so.

III.    CONCLUSION

For the foregoing reasons, Plaintiff's Amended Petition does not survive Defendant's motion. The Motion for Judgment on the Pleadings (Dkt. No. 27) is ALLOWED. Judgment for Defendant shall issue by separate order. The Clerk is directed to close this case.

It is So Ordered.

_/s/ Mark G. Mastroianni_____
MARK G. MASTROIANNI
United States District Judge